Argued and submitted June 9, reversed August 9, 1989

# TSUBOTA,
*Appellant,*

*v.*

# COUNTY COURT OF SHERMAN COUNTY et al,
*Respondents.*

(4660; CA A49325)

777 P2d 422

Michael Caro, Portland, argued the cause for appellant. On the briefs were John S. Butterfield, David S. Shannon, Mark A. La Mantia and Shannon and Johnson, P.C., Portland.

Ronald S. Somers, The Dalles, argued the cause and filed the brief for respondent Biggs Sanitary District.

Wilford K. Carey, Hood River, waived appearance for respondent County Court of Sherman County.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Petitioner appeals from a judgment on a writ of review affirming the Sherman County Court's creation of the Biggs Sanitary District. He contends, *inter alia,* the petition for the formation of the district did not contain the statutorily required number of signatures, that the county clerk exceeded her authority when she certified the petition and that, as a result, the county court did not acquire the authority to form the district. We agree and reverse.

On October 7, 1987, owners of property in the city of Biggs Junction filed a petition to establish the district. The proposed territory included a portion of petitioner's property and was signed by nine owners of land within the area of the proposed district. The county clerk certified that she had compared the signatures of the signers with the appropriate records and that the petition was signed by the requisite number of qualified signers. On October 8, 1987, an order was filed, stating that the petition complied with ORS chapter 198 and scheduling a public hearing on November 12. Thereafter, several hearings were held and, on February 3, 1988, the county court entered an order approving the formation of the district.

ORS 198.755(1)(b) provides:

"(1)   A petition for formation shall be signed by not less than:

"* * * * *

"(b)   Fifteen owners of land or the owners of 10 percent of the acreage, *whichever is the greater number of signers,* within the territory subject to the petition." (Emphasis supplied.)

It is undisputed that only nine owners of land within the proposed territory signed the petition. ORS 198.765(2) and (3) provide:

"(2)   Within 10 days after the date a petition is offered for filing, the county clerk or district secretary, as the case may be, shall examine the petition and determine whether it is signed by the requisite number of qualified signers. If the requisite number of qualified signers have signed the petition, the county clerk or district secretary shall file the petition. If the requisite number have not signed, the county clerk or

district secretary shall so notify the chief petitioners and may return the petition to the petitioners.

"(3)    A petition shall not be filed unless the certificate of the county clerk or the district secretary is attached thereto certifying that the county clerk or district secretary has compared the signatures of the signers with the appropriate records, that the county clerk or district secretary has ascertained therefrom the number of qualified signers appearing on the petition, and that the petition is signed by the requisite number of qualified signers."

Those provisions make it clear that a petition is not to be filed unless it contains the requisite number of signatures and has attached to it the certificate of the county clerk certifying that the clerk has compared the signatures of the signers with the appropriate records and has ascertained therefrom the number of qualified signers appearing on the petition and that the petition is signed by the requisite number of qualified signers.

Because the petition was not signed by 15 owners of property within the proposed territory, the county clerk could not have lawfully certified that the petition was signed by the requisite number of qualified signers. On its face, the petition was not regular, and the county court could not rely on the county clerk's certificate to the contrary.

Accordingly, the county court did not have the authority to form the sanitary district, and the circuit court erred on petitioner's writ of review in affirming the order forming the district.[1]

Reversed.

---

[1] Respondents point out that there are fewer than 15 landowners within the proposed territory, with the result that, if the statute means what it says, it would be impossible for them to form a sanitary district. It is true that the statutory scheme does not permit the formation of a sanitary district by petition on these facts. However, the county has authority to initiate the formation of a special district pursuant to ORS 198.835.